## PRATER et al. v. CRAWFORD et al.

The court did not err in sustaining the general demurrer and dismissing the petition.
No. 580. SEPTEMBER 10, 1918.

Equitable petition. Before Judge Bell. Fulton superior court. February 2, 1917.

*James & Bedgood,* for plaintiffs.　*P. H. Brewster, L. Z. Rosser, R. R. Arnold,* and *J. J. Barge,* for defendants.

PER CURIAM. This was an equitable proceeding; the parties consented to a consolidation of two cases and their reference to an auditor. The auditor having reported his findings, the plaintiff filed various exceptions of law and fact, all of which were disapproved and overruled by the court, after which a final decree was rendered on June 8, 1914. In December, 1916, a petition was filed in the superior court, praying that the said decree be vacated on several grounds, substantially as follows: (1) that no notice was given to the plaintiffs or their attorneys before the decree was rendered, and neither the plaintiffs nor their counsel participated in or had knowledge of the decree until after it was rendered; (2) that the decree as rendered did not cover the pleadings and issues, nor the auditor's findings as they were sanctioned and sustained by the court, and was not explicit (movants presenting to the court, and attaching as an exhibit, a decree alleged to cover all of the issues and findings of the auditor as sustained by the court) ; (3) that defendants prayed for affirmative relief, and the auditor so found, but the decree did not cover the same; (4) that no decree was rendered in behalf of C. Z. Crawford, one of the parties plaintiff; (5) that J. L. Anderson, who acted as auditor, was disqualified; (6) that J. J. Barge, claiming to be nominated as executor

of the estate of J. B. Crawford and of Nancy Crawford, was disqualified, which fact was unknown to plaintiffs, and for this reason the decree and all of the findings of the auditor should be vacated; (7) that the decree fails to set out the names of parties who bought real estate from J. B. Crawford and Nancy E. Crawford, both deceased, whose estates are the subject-matter of litigation. The prayers were: (*a*) that a final decree be rendered as appears attached to the petition; (*b*) that the auditor's report and the judgment of the court sustaining the same be "set aside and made void;" (*c*) for a rule nisi, and (*d*) that the decree presented by petitioners as final be signed by the court.

1. Plaintiffs in error were the plaintiffs who instituted the proceeding in the trial court, consented to the consolidation of the cases and their reference to an auditor, and filed exceptions of law and of fact to the auditor's findings, on which they were fully heard. It was their duty to follow up the case and to be present in court, if they so desired, when the decree was rendered. It not being the duty of the court to notify them, the failure in this regard is not cause for vacating the decree. An erroneous decree under such circumstances would afford ground for a writ of error.

2. The alleged disqualification of the auditor and of the executor affords no ground for the relief sought; especially so two years after the rendition of the final decree. The law imposes the duty of diligence; whereas the plaintiffs appear to have been guilty of laches.

3. General allegations that the decree does not cover the pleadings nor the report of the auditor as sustained by the court are insufficient; the specific shortcomings must be pointed out.

4. The allegation that the decree as rendered failed to include a judgment of a named sum due to C. Z. Crawford, in so far as appropriate thereto, is not borne out by the record. The tenth paragraph of the decree specifically adjudges the claim to be valid and binding.

5. The allegation that the decree fails to set out names of parties who bought real estate from J. B. and Nancy E. Crawford will not require vacation of the decree and substitution of another; because the decree, when considered in connection with the pleadings, is sufficiently definite.

6. The proffered decree attached to the petition, while going

into elaborate detail, contains some expressions not appropriate; and the court did not err in refusing to sign the same in lieu of the original decree.

7. The petition contains no allegations of fraud, or other equitable basis to warrant the court in vacating the original decree. The petition being insufficient, the court did not err in sustaining the general demurrer and dismissing the same.

Judgment affirmed.　All the Justices concur.